UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOWARD JOHNSON II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-1206 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al., | § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court is defendant Allstate Vehicle and Property Insurance Company's ("Allstate") motion to compel appraisal and abate proceedings. Dkt. 20. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

This case arises from damage to plaintiff Howard Johnson II's property during a storm in April 2016. Dkt. 1-1 at 9. Johnson and Allstate disagree about the amount of loss and cost of repairs to the property. *Id.* at 10–11. According to Allstate, "the amount of damages caused by a covered peril fell below [Johnson's] deductible." Dkt. 20 at 2. Johnson argues that the property suffered $32,551.73 in damages. Dkt. 21 at 2. The insurance policy addresses these types of disputes and provides:

> If **you** and **we** fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, **you** or **we** can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire.

> The appraisers shall then determine the amount of loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to **you** and to **us**, the amount agreed upon shall be the amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of loss.
>
> Each party will pay the appraiser it chooses, and equally bear expenses for the umpire and all other appraisal expenses.

Dkt. 20-1 at 33 (emphasis in orginal).

On February 1, 2018, Allstate made a written demand for appraisal. Dkt. 20-2. Johnson did not respond to that demand. Accordingly, Allstate filed the instant motion, asking the court to compel appraisal and abate the case. Dkt. 20. Johnson opposes appraisal and abatement. Dkt. 21.

## II. LAW AND ANALYSIS

"The [c]ourt must apply the terms of the insurance contract as it is written." *James v. Prop. and Cas. Ins. Co. of Hartford*, No. H–10–1998, 2011 WL 4067880, at *1 (S.D. Tex. Sept. 12, 2011) (citing *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010)). Here, the appraisal clause clearly and unambiguously grants both the insured and the insurer the right to demand an appraisal of the loss. Dkt. 20-1 at 33. Under Texas law, appraisal clauses are generally enforceable and have been upheld as a means for determining loss. *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011); *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889–89 (Tex. 2009). However, Johnson argues that the court should not compel appraisal and abate the case because: (1) the appraisal language prejudices his litigation rights; and (2) he has the right to prove other elements of his claims regardless of the appraisal. Dkt. 21.

Johnson argues that the appraisal language prejudices him because the appraisal clause is not binding and "allows Allstate to reject any part of the award based on its reservation that no binding

policy issues are determined during the appraisal process." *Id.* at 3. Johnson is incorrect. The policy states that if the appraisers agree on the amount of loss, "the amount agreed upon *shall* be the amount of loss." Dkt. 20-1 at 33 (emphasis added). If the appraisers do not agree, they must submit their differences to an umpire, and "[a] written award agreed upon by any two *will* determine the amount of loss." *Id.* (emphasis added). Johnson points to no policy provision, and the court is unaware of one, that allows Allstate to reject the appraisal amount if it disagrees with it.

Johnson also argues that he has the right to conduct discovery in order to prove his other contract claims and extra-contractual claims. Dkt. 21 at 4. The court agrees that all of Johnson's claims will not necessarily be resolved through the appraisal process. But appraisal is likely to narrow, if not resolve, Johnson's breach of contract and extra-contractual claims. *See Cavazos v. State Farm Lloyds*, No. 7:14–CV–395, slip op. at 2 (S.D. Tex. Mar. 3, 2015). Notably, Johnson relies on a different order in *Cavazos* to support the assertion that the case should not be abated even if the motion to compel appraisal is granted. Dkt. 21 at 4 (citing *Cavazos*, 2015 WL 8074063, at *4). But in *Cavazos*, the court granted a motion to abate proceedings pending appraisal. *Cavazos*, slip op. at 2–3 (S.D. Tex. Mar. 3, 2015). According to the court, "[i]f the parties and the Court continue to proceed on this case, it could ultimately result in wasted time, money, and energy if the appraisal process resolves the case or significantly narrows the issues." *Id.* at 2. The same holds true in the instant case. Thus, Allstate's motion to compel appraisal and abate the case is GRANTED.

### III. CONCLUSION

Allstate's motion to compel appraisal (Dkt. 20) is GRANTED. Pursuant to the terms of the policy, Johnson shall provide Allstate with the name and address of his chosen appraiser within twenty (20) days from the date of this order. The two appraisers shall agree upon an umpire within

fifteen (15) days thereafter. If they cannot agree, the parties may request the court to designate an umpire.

Further, Allstate's request to abate the proceedings (Dkt. 20) pending the appraisal is GRANTED. It is therefore ORDERED that this cause of action is STAYED and administratively (statistically) closed. The parties may move to reinstate the case on the court's active docket at such time in the future as deemed appropriate. A copy of this order shall be attached as an exhibit to any motion to reinstate.

Signed at Houston, Texas on June 20, 2018.

_____
Gray H. Miller
United States District Judge